UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE LOCASCIO,

    Plaintiff,

v.                                              CASE NO.: 8:06-CV-1637-T-30MAP

P.T.C.T. INC.,

    Defendant.
_____/

**FINAL DEFAULT JUDGMENT**

**THIS CAUSE** came before the Court on the Plaintiff's Motion for Entry of Judgment After Default (Dkt. #20), and the Court having considered the motion, having reviewed the pleadings, papers and supporting declaration filed herein, being otherwise duly advised in the Premises, it is hereby

**FOUND, ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Entry of Judgment After Default (Dkt. #20) is GRANTED.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, for Plaintiff's claims arising under 28 U.S.C. §§12181, *et seq.*, based upon Defendant's violation of Title III of 42 U.S.C. §§ 12182, *et seq.*

3. Defendant is the owner and operator of the real property and improvements which are the subject of this action (hereinafter, the "Facility").

4.  Defendant has discriminated against the Plaintiff, who is an individual with a disability, by denying full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the subject Facility as provided by 42 U.S.C. §§12182, *et seq.*, and by failing to remove architectural barriers and thereby providing Plaintiff appropriate access to the subject Facility, as required by 42 U.S.C. §12182(b)(2)(A)(iv). Specifically, the Court finds as follows:

    a.  There is not an accessible route connecting all public areas, elements and spaces at the Facility. ADAAG 4.3. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide an accessible route connecting all public areas, elements and spaces at the Facility pursuant to ADAAG 4.3.

    b.  There are an insufficient number of <u>accessible</u> parking spaces provided at the Facility. ADAAG 4.1.2 and 4.6. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide accessible parking spaces pursuant to ADAAG 4.1.2(5)(a) and 4.6.

    c.  The parking areas are not on an accessible route to the Facility. ADAAG 4.6 and 4.3. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide an accessible route connecting the parking spaces designated as accessible to the entrance of the Facility pursuant to ADAAG 4.6 and 4.3.

    d.    There are public use doors that are inaccessible. ADAAG 4.13 and 4.14. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide accessible public use doors, including the entrance door, pursuant to ADAAG 4.13 and 4.14.

    e.    There are public use seating areas without accessible seating positions for persons with disabilities. ADAAG 4.32. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide accessible seating at all public seating areas pursuant to ADAAG 4.32.

    f.    There are counters within the Facility that are too high. ADAAG 7.2. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide accessible counters within the Facility pursuant to ADAAG 7.2.

    g.    There are restrooms at the Facility that are inaccessible to persons with disabilities, including persons who use wheelchairs. ADAAG 4.22. In order to comply with the ADA, and remove the aforementioned barriers to access, Defendant must provide accessible restrooms within the Facility pursuant to ADAAG 4.22, and if toilet stalls are provided, pursuant to ADAAG Figure 30(a).

5.    Defendant shall have three (3) months from the date that this Order is entered to complete the alterations and modifications to the Facility required hereby. Upon completion, Defendant shall file a verified certificate of completion with the Court

acknowledging that all work has been complete.

The time period for completion by Defendant shall be subject to acts of God, *force majeure*, or events beyond the control of Defendant such as inability to obtain building or zoning permits, failure of the city/ county inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the barrier removal, alterations and modifications provided in Paragraph 1 will be extended by the number of days reasonably attributable to such delay-causing event as long as Defendant immediately files a motion with the Court for an extension of time, before the expiration of the deadline to comply, and provides written notice to Plaintiff, which includes the specific reasons for the delay, the estimated time for completion and Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

6. The Court finds that Plaintiff is the prevailing party, and that Plaintiff is therefore entitled to recover their reasonable attorneys' and expert's fees, litigation expenses and costs from Defendant, and this Court retains jurisdiction for the determination and award thereof.

**DONE** and **ORDERED** in Tampa, Florida on February 2, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2006\06-cv-1637.default fj.wpd